Alberta Joiner, Administratrix of the Estate of James
O. Joiner, Deceased, Plaintiff-Appellant, v. Eugene
F. Birch, Defendant-Appellee.

Term No. 59–F–5.

Fourth District.

April 13, 1959.

Released for publication May 4, 1959.

J. D. Quarant, of Elizabethtown, and George B. Lee, of Harrisburg, for appellant.

Hill & Hill, of Benton, for appellee.

JUDGE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Hardin County, Illinois, in which the Court below, at the close of Plaintiff's case, directed a verdict of not guilty and entered judgment on such verdict. The action complained of, which resulted in the directed verdict and on which the ensuing judgment was entered, was to recover damages on behalf of Plaintiff, Alberta Joiner, as Administratrix, by reason of the alleged wilful and wanton conduct of defendant, Eugene F. Birch, in driving his automobile in which the plaintiffs' intestate was a guest at the time of his death.

Under the facts as developed in the record it appeared that the defendant and the plaintiff's intestate had crossed over a certain bridge about thirty minutes prior to the time of the fatal accident and had stopped at a location near the bridge, and then returned over the same bridge traveling at a speed of between forty and fifty miles per hour. At that time another passenger was also riding in the car. The evidence indicated that the defendant in driving along on the road was not aware of any ice on the bridge, but that as he proceeded through the bridge he began to skid, and then for the first time realized there was ice on the bridge. He stated that it was hard to tell water from ice. It was at that time defendant lost control of his car and that the fatal accident resulted when the car ran off the road into a guard rail.

■ In considering the evidence in its most favorable light to the plaintiff as we must do in determining the propriety of the directed verdict, it is apparent from the record that there was no showing of either, (1) any consciousness on part of defendant that his conduct would naturally and probably result in injury; (2) of any intentional disregard of a known duty; (3) any absence of care for the life, person, or property of others, such as exhibited a conscious indifference to consequences; and (4) that defendant knew or was aware, or should reasonably have known at the time of the occurrence that the floor of the bridge had a film of ice on the bridge which would cause it to be dangerous.

■ Evidence of skidding on the highway alone does not constitute evidence of wilful and wanton misconduct (Thillman v. Early, 340 Ill. App. 538), and evidence of speed of forty to fifty miles an hour, under the circumstances, is not in itself evidence of wilful and wanton misconduct (Pittman v. Duggan, 336 Ill. App. 502; Schachtrup v. Hensel, 295 Ill. App. 303). We have reviewed the entire record and can find no basis for reversal in this case. The Trial Court in directing the verdict rightfully observed that there was no showing that defendant and his companions were aware of the slick and ice condition of the bridge, or that defendant wilfully ignored such condition.

In the case of Clarke v. Storchak, 384 Ill. 564, at 581, the Court in considering an accident resulting from wheels striking the dirt portion of the shoulder while defendant's car was traveling at forty-five miles an hour, with consequent loss of control of the automobile, observed that it could not be said, under the circumstances such as shown in that case, that the act of defendant in losing control of the operation of the car was an intentional disregard of a known duty necessary to the safety of the person or property of another,

251

or an absence of care for the life, person, or property of others such as exhibits a conscious indifference to consequences, or that in doing the act or failing to act defendant was conscious of his conduct and, though having no intent to injure, was conscious from his knowledge of the surrounding circumstances and conditions, that his conduct would naturally and probably result in injury. The Court in that case pointed out that in construing the evidence most favorably to the plaintiff there was a lack of the four basic elements which we have outlined above in this opinion. Our conclusions in this case are similar.

.The action of the Circuit Court of Hardin County was, therefore, justified under the record and this Court, on the record, has no justification for a reversal. This cause will therefore be affirmed.

Affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.