**Leda Wallace, Plaintiff-Appellee, v. Marie Radovick, Defendant-Appellant.**

**Gen. No. 64-67.**

Fifth District.

February 9, 1965.

Hill & Hill, of Benton, and Norton Wasserman, of Chicago (Norton Wasserman, of counsel), for appellant.

Leonard J. Dunn, of West Frankfort, for appellee.

MORAN, J.

Defendant appeals from a judgment of the Circuit Court of Franklin County entered on a jury verdict awarding plaintiff $10,000 for injuries sustained by plaintiff while riding as a guest in defendant's car.

Plaintiff alleged that her injuries were caused by the wilful and wanton misconduct of the defendant in the operation of the defendant's automobile.

In addition to the general verdict in plaintiff's favor, the jury answered affirmatively two special interrogatories as follows:

> "Was the defendant guilty of wilful and wanton misconduct at the time and place of the occurrence in question?"
>
> "Did the acts or omission of the defendant proximately cause the occurrence complained of?"

The defendant urges that the judgment should be reversed outright because the verdict of the jury is against the manifest weight of the evidence or in the alternative that the argument of the plaintiff's counsel was so prejudicial that the case should be remanded for a new trial.

 When considering the reversal of a jury verdict, this court is bound by a well-established rule of law that unless the verdict of the jury is manifestly and palpably against the weight of the evidence, it must stand. If there is substantial evidence supporting the verdict in the record, then a reviewing court is not justified in overruling the judgment of the jury as to the weight of such evidence or its probative value. Ashby v. Irish, 2 Ill App2d 9, 118 NE2d 43; Aldridge v. Morris, 337 Ill App 369, 86 NE2d 143. Another well-established rule of law is that in determining whether the verdict of the jury is against the manifest weight of the evidence and whether the evidence is sufficient to support the charge of wilful and wanton misconduct, the Appellate Court should consider only the evidence most favorable to the party who secured the verdict. Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804; Levanti v. Dorris, 343 Ill App 355, 99 NE2d 398.

266

The accident resulting in the injuries sustained by Leda Wallace, plaintiff, occurred on February 10, 1963, at approximately 2:30 p. m., on Illinois State Route No. 37 at a point about three miles North of West Frankfort, Franklin County, Illinois. At the time plaintiff was riding as a guest passenger in a Ford automobile being driven in a northerly direction by her daughter, defendant Marie Radovick. The evidence is that the defendant entered a curve on a highway which was slick and icy in spots, at a speed of 40 to 50 miles per hour, though she knew of the condition of the road and though she also had observed traffic approaching from the opposite direction. She then either skidded or drove her car off the traveled portion of the highway while proceeding around the curve, skidding from one side of the highway to the other until her car struck two other cars that had been approaching from the opposite direction and which had stopped after seeing her car begin to skid. Several witnesses testified that the defendant's car increased its speed from about 45 miles per hour to about 65 to 70 miles per hour, striking the first of the two stopped cars with a force sufficient to drive the head of a passenger in the parked car through the windshield. Several of the witnesses also testified to the distance traversed by the defendant's car after having left the highway for the first time, until striking the cars that had stopped. The shortest distance estimated by these witnesses was approximately six hundred feet and the greatest was about one-quarter of a mile.

■ ■ Considering the evidence in the light most favorable to plaintiff, we believe the jury was justified in finding the defendant guilty of wilful and wanton misconduct. Our courts have had occasion to define wilful and wanton misconduct in numerous cases, but always in general terms and with no attempt

to indicate that any particular type of misconduct may be said to be wilful and wanton under all circumstances. A frequently quoted definition is that set forth in Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 583, 69 NE2d 293, 300: "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure after knowledge of impending danger to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." See also Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311; Smith v. Polukey, 22 Ill App2d 238, 160 NE2d 508.

The case of Joiner v. Birch, 21 Ill App2d 249, 157 NE2d 676, cited by the appellant, is not in point because in that case there was no evidence that the defendant was aware of any ice on the pavement. In Handler v. Eckhouse, 45 Ill App2d 382, 195 NE2d 838, also cited by appellant, the court sustained a jury verdict for the defendant and the plaintiff appealed. However, in that case the defendant was entitled to the same presumptions on appeal as is the plaintiff in the present case. In other words, the defendant was entitled to have the conflicting evidence construed in the light most favorable toward him. The court stated in its opinion that the verdict of the jury on behalf of the defendant was not against the weight of the evidence.

Defendant also urges that she is entitled to a new trial because of the following portion of plaintiff's argument: "Now, they talk about the Chambers people up there, that they had a strong feeling. It could be that if you had been sitting there in that car and seeing this car coming like it was, like I've taken you back, there, then to come in here and see how they're

trying to flim flam this woman out of anything, you might have a strong feeling, too. It would be a strong feeling of justice. That's all, a strong feeling of justice." Defense counsel objected to the statement and asked that the jury be instructed to disregard it. The trial court sustained defense counsel's objection and the jury was instructed to disregard plaintiff's remarks.

■ The only objection defense counsel had to the conduct of plaintiff's counsel throughout the entire trial was the use of the words "flim flam" in reference to the defendant in his closing argument. In Jacobson v. National Dairy Products Corp., 32 Ill App2d 37, 176 NE2d 551, cited by appellant, there was evidence of misconduct on the part of counsel throughout the trial and the court stated that its decision for a reversal was reinforced by numerous other improper remarks made by defense counsel during the course of the trial. We are of the opinion that this lone allegation of prejudicial argument on the part of plaintiff's counsel was not of a nature that would warrant setting aside the verdict of the jury, especially in view of the fact that the jury was instructed to disregard said statements by the trial judge.

The judgment of the Circuit Court of Franklin County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.