**The People of the State of Illinois, Plaintiff-Appellee, v. Harold Dean Watts, Defendant-Appellant.**

Gen. No. 66–28.

Third District.

March 31, 1967.

Robert H. Schenk, of Joliet, for appellant.

George E. Sangmeister, of Joliet, for appellee.

ALLOY, J.

Defendant Harold Dean Watts was tried on an indictment charging that on August 11, 1965, he escaped from the Stateville Branch of the Illinois Penitentiary in violation of chapter 38, section 31–6A of 1963 Illinois Revised Statutes. The jury returned a verdict of guilty and (following overruling of a post-trial motion for a new trial) defendant was sentenced for an indefinite term of one to ten years in the Stateville Branch of the Illinois State Penitentiary with the minimum fixed at two years and the maximum at ten years. Since defendant was found to be indigent, and had requested appointment of counsel, the court-appointed counsel has prosecuted this appeal capably on defendant's behalf.

On appeal in this cause, defendant contends (1) that the trial court committed error by giving instructions which were confusing, incomplete, improper, and, therefore, prejudicial; (2) by summarily dismissing defendant's motion for a change of venue without receiving evidence or arguments thereon and without being advised

of the facts supporting the motion; (3) by admitting into evidence exhibits consisting of a shirt and a pair of pants alleged to be those of the defendant without proper foundation being laid therefor; and (4) by rendering a sentence upon the verdict of guilty which was excessive under the circumstances. The section of the act under which defendant was indicted specifically provides that:

> "A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution shall be imprisoned in the penitentiary from one to 10 years."

The record discloses that defendant was serving a sentence of two to five years in the Illinois State Penitentiary, Stateville Branch, for the crime of burglary. He had been assigned to the Honor Farm of the penitentiary in June of 1965 and had remained there until August 11, 1965. When he could not be accounted for on that date he was found, after a search, off the premises of the penitentiary and taken to the office of the Warden. Two days later an employee of the Stateville Branch of the State Penitentiary went to a cemetery adjacent to the penitentiary and in the company of an officer found a shirt and a pair of pants rolled up into a bundle in the hedges, examined them and found numbers thereon to be 56965 (Watts' number).

The first issue for consideration is whether the trial court committed reversible error by giving instructions to the jury. While there were no objections to such instructions at the conference on instructions, if substantial defects are found, the failure to make timely objections would not preclude this court from inquiring into the effect of such instructions in criminal cases (1965 Ill Rev Stats, c 110, § 101.25). The Supreme Court Rule specifically provides that substantial defects are not

waived by failure to make timely objections thereto if the interests of justice require.

██ One instruction which was given in the trial of this cause advised "the jury are instructed by the court that in this case the burden of proof rests upon the prosecution to make out and prove to the satisfaction of the jury, beyond all reasonable doubt, every material allegation of the indictment, and unless this has been done, the jury should find the defendant not guilty." It is contended that the jury were so instructed without having been guided by any definition or delineation of what the "material allegations of the indictment" were and indeed without ever having seen the indictment. In the cause before us, the court gave other instructions which fully defined the "material allegations" referred to in the instruction objected to. The court instructed the jury in the language of the statute as to what constituted an escape from a penal institution. The court also adequately instructed the jury as to "Intent," "Conviction," "Felony," and "Penal Institution." While we do not approve the form of instruction which was given in the case in making reference to "every material allegation of the indictment" and suggest that such recital be avoided, other instructions in this cause which were given, when considered as a whole, fully and fairly announced the law applicable to the case and defined all such material allegations. It is apparent from the record in this cause that there were no substantial defects since the jury was not required to determine legal issues or to determine what were the material issues in the case. All of the essential elements of the crime were fully set forth in the instructions taken as a whole (People v. Cavaness, 21 Ill2d 46, 171 NE2d 56). The record actually shows that instructions of similar import were tendered by the defendant advising the jury that the burden of proving beyond a reasonable doubt every material allegation necessary to establish defendant's guilt rests upon the

state throughout the trial and that such burden never shifts to the defendant, and also to the effect that the state is required to prove every material fact necessary to constitute the crime charged beyond a reasonable doubt. One of defendant's instructions tendered advised the jury that it is incumbent upon the prosecution to prove every material allegation of the indictment as therein charged. Thus, where the defendant tendered substantially the same instruction as the one now being suggested to this court as a basis for reversal, such objection might be considered to have been waived.

█ After the trial had begun, defendant moved for a change of venue. An objection was made that the motion was not in writing and supported by affidavit. A written motion was thereafter filed. In neither the written nor the oral motion were facts set forth showing the nature of the prejudice alleged as required by Article 14 of the Code of Criminal Procedure. Since there were no facts before the court upon which it could rule, the court properly refused to consider the motion (1965 Ill Rev Stats, c 146, § 22; People v. Fricker, 320 Ill 495, 151 NE 280). In view of the fact that the motion was made to change the place of trial after the trial had actually begun and rulings had been made thereon, the record does not contain a sufficient showing of prejudice to support the contention that the trial court abused its discretion in denying the motion for change of venue (People v. Wilfong, 17 Ill2d 373, 162 NE2d 256). No allegations were made that the jurors were influenced or prejudiced by publicity given to the trial (People v. Brinn, 32 Ill2d 232, 204 NE2d 724).

█ As to questions raised relating to the foundation for admission into evidence of the clothing referred to (without detailing the testimony), it is apparent from the record that custody of the clothing from the time Warden Dort was given information as to its location by Watts to the time when it was introduced into

evidence shows that no alterations were made, there was no tampering with the articles and no changes of any nature made in the articles. The testimony tended to establish continuous possession and control by prison authorities. While other persons may have had access to the Armory where the clothing was stored, there was no indication or suggestion of any substitution, alteration or other tampering with the exhibits. A proper foundation was, therefore, established to permit introduction into evidence of the clothing (People v. Harper, 26 Ill2d 85, 185 NE2d 865). The tag on the clothing was identified by Lieutenant Brown as being the one he originally placed on the clothes. The clothing was also identified by Lieutenant Brown (People v. Greer, 28 Ill2d 107, 190 NE2d 742). The exhibits were, therefore, properly admitted into evidence and they were properly connected with defendant. The final point raised by defendant on appeal is that the trial court abused its discretion in imposing a sentence which is manifestly in excess of that warranted by the circumstances and that a reduction of sentence is justified. While this court has the power, in an appropriate case, to reduce the sentence where justice so requires, it does not have the right to reduce the sentence unless it clearly appears that the penalty constitutes a substantial departure from fundamental law and, therefore, that it is not proportioned to the nature of the offense (People v. Miller, 33 Ill2d 439, 211 NE2d 708). The trial judge examined all the facts as presented at the time of sentencing and, in determining sentence to be imposed, stated that it recognized all of the facts and circumstances, some of which would suggest sympathetic consideration. The sentence which was given of a minimum of two years with a maximum of 10 years was within the scope of the act and is not inconsistent with the record which was made in the trial court as to the

nature of the crime of escape as well as of the capacity and ability to understand of defendant. We must, therefore, conclude, on the basis of the record before us, that the trial court did not abuse its discretion in imposing the sentence, and under the circumstances this court would not be justified in modifying or changing such sentence.

Since we find no reversible error in the record, the judgment of conviction and the sentence as imposed in the trial court are affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.