THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL A. TOMER, Defendant-Appellant.

(No. 11696;

Fourth District—May 9, 1973.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

L. Stanton Dotson, State's Attorney, of Charleston, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

A jury found defendant guilty upon two counts of escape in violation of Ill. Rev. Stat. 1969, ch. 38, par. 31—6(a). A sentence of eight to ten years was imposed. Defendant appeals.

The statute defines the charged offenses in the language:

> "A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution shall be imprisoned in the penitentiary from one to ten years."

In summary, Count II of the indictment charged that defendant had been convicted of a felony and was charged with three other felonies and escaped on December 3, 1970, while being held in the custody of an employee of the County Jail, one Tarter, a deputy sheriff and an assistant to the warden of said jail. Count IV charged that on that date while being held upon charges of the commission of a felony, the defendant intentionally escaped from one Curtis, who was the warden of the county jail and the sheriff of the county.

In brief, the relevant facts are that by some arrangement defendant was taken from the jail by Tarter to visit at the home of defendant's elderly parents. Tarter authorized defendant to visit in the home for a couple of hours while Tarter waited in the car in front of the home. Defendant requested and was granted permission to extend the visit for an hour upon the plea that his invalid father was to return from the hospital. Shortly thereafter defendant departed by the back door and fled the county. Some days later he was returned and taken into custody.

It is contended that the evidence is insufficient to convict in that Tarter

was a deputy sheriff rather than an "employee of a penal institution" within the language of the cited statute.

In essence, the argument made is that Par. 31—6(a) is only applicable where the escape is from the custody of employees who are "jail officers" as defined in Ill. Rev. Stat. 1969, ch. 75, par. 3a. It is urged that under the evidence defendant could only be found guilty of a misdemeanor in the escape from the custody of a peace officer under the provisions of ch. 38, par. 31—6(a). Defendant's argument would create an elaborate semantic structure of public policy upon an hypothesis that "employees" of a penal institution might be unarmed whereas a deputy sheriff or his deputy could shoot the escaping prisoner if necessary. Such hypothesis is strictly without basis in fact or in the statutory history of the offense of escape. It does not appear necessary to examine such in detail. The defendant tendered and the court gave two instructions relevant to the issue, *i.e.*:

> "A person convicted of a felony or charged with the commission of a felony commits the crime of escape who intentionally escapes from the custody of an employee of a penal institution."

and the further instruction:

> "When I use the phrase 'employee of a penal institution', I mean a person who is regularly and customarily charged in his normal course of duties with the care of prisoners."

Ill. Rev. Stat. 1969, ch. 75, par. 2, provides that the sheriff shall be the warden of the jail and shall have custody of all prisoners held there. Ch. 125, par. 12, provides that appointed and qualified deputies:

> "[M]ay perform any and all duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be the acts of the sheriff."

We conclude that it is clear that the custody of prisoners is a part of the "normal course of the duties" of a deputy sheriff.

■■ It is argued that under the evidence, defendant was not physically in custody at the time of the events preceding the escape. It is therefore contended that the court erred in giving an instruction over defendant's objection in the language:

> "When I use the word custody, I mean that the person in custody knows or should know that his freedom of movement is limited to a reasonably certain geographical area."

■■ It is further contended that the court erred in refusing defendant's instruction which would limit the statutes of custody to either actual physical confinement or being so surrounded by physical force as to restrain him. Defendant cites *United States v. Person,* 223 F.Supp. 982, wherein a District Court held that defendant was not guilty of escape

when he failed to return to a guidance center upon expiration of a pass. This view was repudiated, however, in *McCullough v. United States*, 369 F.2d 548.

In Black's Law Dictionary, it is said of the term "custody":

> "The term is very elastic and may mean actual imprisonment or physical detention or mere power, legal or physical, of imprisoning or of taking manual possession."

A prisoner is in custody until discharged by law. (*State v. Furlong*, (RI) 291 A.2d 267.) In *People v. Hill*, 17 Ill.2d 112, 160 N.E.2d 779, defendant was charged with escape from a county jail. He contended that he was not guilty of escape because he was held in jail upon a defective indictment. The court adopted the language:

> "A prisoner in a penal institution under commitment by a court of competent jurisdiction may not defy a guard and run away."

A prisoner who is free from close confinement and walks away is guilty of escape. *People v. Watts*, 81 Ill.App.2d 283, 225 N.E.2d 147 and *Wallace v. Radovick*, 55 Ill.App.2d 264, 204 N.E.2d 835.

We note that Ill. Rev. Stat. 1971, ch. 38, par. 123—7, provides that prisoners who are on parole or released to rehabilitation centers operated by the Department of Corrections is guilty of escape if he "absconds" from the facility.

In the context of the escape statute, power and authority of the officers to assert physical control of the defendant is apparent.

■■ We do not agree that the offense of escape under Count IV, *i.e.*, from the sheriff and warden, Curtis, was not proven because the evidence does not show that there was a "personal custody". As noted the statute provides that the custody is in the sheriff whether exercised through a deputy or otherwise. It does appear, however, that such conviction comes within the rule stated in *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Rossi*, 52 Ill.2d 13, 284 N.E.2d 275 and *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293, in that the acts of the defendant under Count IV were not separately motivated or otherwise separable from the acts in Count II. For such reason the conviction upon Count IV is reversed.

■■ We have determined that the sentences in cases pending on appeal are subject to the provisions of the Code of Corrections, effective January 1, 1973. (*People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731 and *People v. Lobb*, 9 Ill.App.3d 650, 292 N.E.2d 750.) Ill. Rev. Stat., 1972 Supp., ch. 38, par. 31—6(a) makes the charged offense a Class 2 felony. Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—1(c)(3) provides that as to a Class 2 felony, the minimum sentence shall not be greater than one-third of the maximum. Upon the authority of Supreme Court Rule

615 and at the direction of the Code of Corrections, the minimum sentence is modified and as modified, the minimum sentence shall not be less than three years and four months, and the maximum sentence shall not be more than ten years.

The conviction upon Count IV of the indictment is reversed. With the sentence as modified the conviction upon Count II is affirmed and the cause is remanded to the circuit court with directions to issue an amended mittimus reflecting such modification of sentence.

Reversed in part, affirmed in part, sentence modified, cause remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.