THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD FRISCO, Defendant-Appellant.

(No. 72-314;

Third District—March 22, 1974.

Stephen Hurley, Assistant Appellate Defender, of Ottawa, for appellant.

George Bellas, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Donald Frisco, the defendant, after trial by jury in the circuit court of Will County, was found guilty of the crime of intentional escape and was sentenced to a term of not less than 5 nor more than 10 years in the penitentiary.

Prior to his trial, the defendant was found to be an indigent person and the public defender was appointed to represent him. Subsequently, the defendant requested the public defender to withdraw as his counsel because he did not feel that he would receive adequate representation and for the further reason that he desired to retain private counsel. The defendant was granted time to procure private counsel but was unable to procure such representation and consequently advised the court that he would represent himself.

The defendant in this appeal contends that his conviction should be reversed because the trial court failed to strictly conform to certain statutory requirements before a waiver of counsel can be accepted. Specifically it is the defendant's contention that the trial court failed to inform him of the nature of the charge and the minimum and maximum

sentence prescribed by law, including the fact that any sentence imposed would have to be consecutive. These admonishments are specifically set forth in Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, sec. 401), and defendant argues that failure on the part of the trial court to give them resulted in an invalid waiver of counsel.

It is the State's contention that there was substantial and therefore sufficient compliance with section 401 since the trial court interrogated the defendant to some length concerning his knowledge of criminal law and procedure and permitted waiver of counsel only after being satisfied that the defendant had adequate knowledge to represent himself. The State in support of its substantial compliance argument further calls attention to the fact that the record discloses that the defendant filed timely motions for discovery as well as a writ of *Habeas Corpus Ad Testificandum.*

We are of the opinion that it is not incumbent upon us to determine whether or not there was either strict or substantial compliance with Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, sec. 401) because in the instant case the trial court did in fact appoint counsel for the defendant. As previously noted, the trial court appointed the public defender to represent the defendant, who promptly entered his appearance. Immediately thereafter, the defendant proceeded to argue with his counsel and refused to heed the court's advice to place trust in his lawyer. The defendant implied that any court appointed counsel would not fulfill his obligation to him because of obligations on the part of such counsel to the court and the State's Attorney. The defendant made it clear that he believed that there existed "an atmosphere of prejudice and kangaroo court."

■■ Based upon the record it is clear that we do not have before us a question as to a valid or invalid waiver of counsel since counsel was appointed and thereafter the defendant made it abundantly clear that he would reject any court-appointed counsel. We can find no merit in the defendant's contention that there was a failure to comply with the statutory admonishments pertaining to waiver of counsel since the question of "waiver" is not present in this case.

■■ Lastly, the defendant contends that his minimum sentence is in excess of that prescribed by the Illinois Uniform Code of Corrections. With this contention we agree. The defendant may avail himself of the provisions of the Unified Code of Corrections which mitigate his minimum sentence since his direct appeal was not finally adjudicated as of the effective date of the Code. (See *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.) The Illinois Unified Code of Corrections provides that the crime of escape from an institution of the Adult Division is a Class 2

felony. A provision of the new Code which became effective January 1, 1973 (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—8—1(c)(3)), prescribes that the minimum term for a Class 2 felony shall not be greater than one-third of the maximum term set by the court. Upon the authority of Supreme Court Rule 615 (Ill. Rev. Stat. 1971, ch. 110A, sec. 615) and at the direction of the Code of Corrections, the minimum sentence is modified and as modified the minimum sentence shall not be less than 3 years and 4 months, and the maximum sentence shall not be more than 10 years. (See *People v. Tomer*, 11 Ill.App.3d 157, 296 N.E.2d 370.) We affirm the judgment of the trial court and remand this cause to the circuit court of Will County with directions to resentence the defendant in accordance with the views expressed herein.

Affirmed and remanded with directions.

ALLOY and STOUDER, JJ., concur.