(No. 48167.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LOUISE BROOKS, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. VICKI SUMNER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROSIE L. PAGE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BETTY SEIBER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WANDA BIRKEY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ESSIE L. BROWN, Appellee.

*Opinion filed December 3, 1976.*

344

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (James B. Zagel, Jayne A. Carr, Melbourne A. Noel, Jr., and

Brian A. David, Assistant Attorneys General, and James E. Hinterlong and Michael B. Weinstein, Illinois State's Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

James Geis, Deputy Defender, Office of State Appellate Defender, of Chicago, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal involving certain defendants, each of whom was separately indicted for the same offense. Since the factual situation of each case is identical, we shall only recite the facts relating to one case.

Defendant Louise Brooks was indicted for the felony offense of theft of property in excess of $150 in violation of section 16—l(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—l(b)(1)). The indictment stated that defendant did:

> "knowingly and unlawfully obtain by a certain deception control over property of the Illinois Department of Public Aid, namely monies in excess of $150.00 in value, said deception consisting of creating an impression in the Illinois Department of Public Aid which was false and which she did not believe to be true that she had no income from her husband when in fact she did have income from her husband during the same period of time in excess of $150.00 in value, and did thereby obtain monies through the Illinois Department of Public Aid and the Peoria County Department of Public Aid in excess of $150.00 in value with the intent to deprive the said owner permanently of the use or benefit of the said property."

The defendant subsequently filed a motion to dismiss the indictment on the grounds that the pertinent statute of limitations had expired. She alleged that the conduct for which she was indicted was specifically proscribed in the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—21), which provided that such conduct was a Class A misdemeanor. Defendant argued that she could not be

prosecuted under the general theft provisions of the Criminal Code, which had a longer statute of limitations, because by enacting the public aid provision the General Assembly had designated this conduct to be a misdemeanor. The circuit court of Peoria County granted the defendant's motion. Considering the Public Aid Code as a whole, it concluded that the legislature intended to provide specific penalty provisions for this special welfare legislation exclusive of the Criminal Code. On appeal to the appellate court, the judgment of the circuit court was affirmed. (*People v. Brooks,* 33 Ill. App. 3d 448.) We granted the State leave to appeal.

The other named defendants in this appeal filed similar motions to dismiss their indictments, and these were granted by the circuit court. On appeal of the judgments, the appellate court consolidated the various causes and issued opinions identical to that in the *Brooks* case.

Section 16—1(b)(1) of the Criminal Code states, in pertinent part: "A person commits theft when he knowingly: *** (b) Obtains by deception control over property of the owner *** and (1) Intends to deprive the owner permanently of the use or benefit of the property; ***." (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(b)(1).) In relevant part, section 11—21 of the Public Aid Code provides:

> "Any person who by means of any false statement, willful misrepresentation, or failure to notify the county department or the local governmental unit, as the case may be, of a change in his status as required by sections 11—18 and 11—19, for the purpose of preventing the denial, cancellation or suspension of his grant, or a variation in the amount thereof, or through other fraudulent device obtains or attempts to obtain, or aids or abets any person in obtaining financial aid under this Code to which he is not entitled, shall be guilty of a Class A misdemeanor." Ill. Rev. Stat. 1975, ch. 23, par. 11—21.

The issue presented by this appeal is whether the State has the discretion to prosecute an individual under either

of two different statutes where the conduct involved constitutes a crime under each. This precise issue was recently considered by this court in *People v. Gordon*, 64 Ill. 2d 166. There the defendant was indicted for conspiracy and theft under the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, pars. 8—2, 16—1(a)(1), 16—1(b)(1).) He moved to dismiss the indictment, contending that the charges arose in connection with his service as a real estate broker and that the General Assembly had enacted special legislation which made such conduct a misdemeanor. We held that when a defendant's act has violated more than one statute, and each statute requires different proof for conviction (though there may be some overlapping), the defendant may be prosecuted under the statute which provides for a greater penalty. The court relied upon the fact that under the pertinent provision of the real estate brokers act (Ill. Rev. Stat. 1971, ch. 114½, par. 16, in effect at the time of the occurrence and later repealed by section 23 of Public Act 78—883, effective October 1, 1973), the defendant was strictly liable for his actions in dealing with property of his client, regardless of his intention or mental state. To prove a violation of theft under section 16—1(b)(1) of the Criminal Code, however, the State must show that the defendant knowingly obtained "by deception control over the property of the owner" with the intent "to deprive the owner permanently of the use or benefit of the property." Ill. Rev. Stat. 1971, ch. 38, par. 16—1(b)(1).

The decision in *Gordon* is controlling in the present appeal. Under section 11—21 of the Public Aid Code, an accused may be convicted of fraud without regard to proof of his intent to deprive the owner permanently of the use or benefit of the property. This, however, is an element the State must prove under section 16—1(b)(1) of the Criminal Code. The offense charged in the indictments of the present defendants had elements not required to prove a violation of section 11—21. There is no violation of equal

protection of the laws by prosecuting the defendants under the statute which provides a more severe penalty. *People v. Barlow,* 58 Ill. 2d 41, 44.

Defendants maintain that by enacting section 11—21 the legislature intended to provide specific legislation dealing with this conduct. They note that this section was passed subsequent to the general theft provisions of the Criminal Code. Accordingly, it is argued, section 11—21 operates to the exclusion of the general theft provisions when the conduct involved falls within the specific prohibition of section 11—21.

A review of the public aid provision gives no indication that the legislature intended that section apply to the exclusion of the Criminal Code's theft provisions. Moreover, we do not regard these different provisions as being in conflict so that a rule of construction must be adopted which accepts one and rejects the other.

At the time the Public Aid Code was first enacted, the forerunner of section 16—1(b)(1) of the Criminal Code could be found, basically, under the offense of false pretenses. (See Ill. Rev. Stat. 1949, ch. 38, par. 253.) The pertinent statute provided that a person convicted of false pretenses could be fined up to $2,000 and imprisoned up to one year. The forerunners of section 11—21 of the Public Aid Code provided that a conviction under the statute would result in a fine of not more than $500 and/or imprisonment for not more than three months. See Ill. Rev. Stat. 1949, ch. 23, pars. 439—5, 443—18.

In *People v. McCollough,* 57 Ill. 2d 440, this court considered the issue of the propriety of prosecuting an accused for involuntary manslaughter and reckless homicide, both of which proscribed the same conduct, with the latter being limited to the commission of the offense with an automobile. We noted that in enacting the reckless homicide offense, the legislature may "have decided that because of the many potential shadings of reckless automobile driving, ranging from that which borders upon

willfulness to that which borders upon negligence, the offense of manslaughter, with its more severe penalties, should be retained for the more serious offenses. Such determinations are not unreasonable, in our opinion, and their expression in the statute deprives no one of due process or equal protection of the laws." (57 Ill. 2d 440, 445.) The same is true in regard to the statutes in issue here. At the time the Public Aid Code was passed the legislature may have believed that the false pretense statute provided too severe a penalty for welfare recipients who defrauded the government of money. Further, the legislature may have desired to allow prosecutors greater discretion in charging an offense with a less severe penalty. The forerunners of section 11—21 allowed this discretion. While the applicable penalties for the offenses have increased with the passage of time, prosecutors are still permitted to exercise discretion in charging an accused with the more appropriate offense.

As to the question of "unbridled discretion" in charging a felony or a misdemeanor, we also stated in *McCollough* that " '*** The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.' The kind of determination committed to the discretion of the State's Attorney by the statute in this case is the same kind of discretion that is committed to him with respect to a host of other offenses, and is exercised by him every day. It is not, in our opinion, an unconstitutional delegation of authority." 57 Ill. 2d 440, 444.

Accordingly, for the above-stated reasons, the judgments of the appellate and circuit courts in these cases are reversed and the causes are remanded to the circuit court of Peoria County for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*