THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DEAN CARYL *et al.*, Defendants-Appellees.

Second District   No. 76-349

Opinion filed November 16, 1977.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Robert Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Peter Alexander and Franks & Wylde, both of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In this case the State appeals the dismissal of one count of an indictment. The issue we are called on to decide is whether prosecution under the general criminal conspiracy statute for violation of the Cannabis Control Act is preempted by the terms of that Act. We find that it is not preempted *in toto*.

Defendants Dean Caryl, Thomas Estes, Lawrence Caryl and Greg Bombard were indicted under the general criminal conspiracy statute (Ill. Rev. Stat. 1975, ch. 38, par. 8—2) for conspiracy to deliver more than 10 grams and not more than 30 grams of a substance containing cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 705(c)). Defendants filed motions to dismiss this count of the indictment on the grounds that it did not state an offense because the Cannabis Control Act preempts prosecution under the general criminal conspiracy statute for violation of that Act. Following argument of counsel, the trial court dismissed the conspiracy count. Pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), the State appeals.

The Cannabis Control Act contains its own conspiracy section (Ill. Rev. Stat. 1975, ch. 56½, par. 709). However, by its own terms this statute only applies to conspiracies involving more than 30 grams but not more than 500 grams of cannabis. Therefore, this statute does not apply to defendants, who were charged with conspiracy to deliver more than 10 grams but not more than 30 grams of cannabis. It is the position of the defendants that the statute which deals specifically with cannabis conspiracies should prevail over the general conspiracy statute as applied to cannabis offenses, and that it should preempt the general statute *in toto*. To adopt this position would mean that it is not an offense to conspire to deliver not more than 30 grams of cannabis or more than 500 grams of cannabis.

The Fourth District has passed on this issue previously. *People v. Taylor* (1974), 18 Ill. App. 3d 480, 309 N.E.2d 595, was a conspiracy prosecution for violations involving more than 500 grams of cannabis. On appeal by the State, the court suggested that conspiracies involving more than 500 grams of cannabis may have been inadvertently omitted by the legislature, and decided that the specific and more recent statute should prevail over the general and older one. The court concluded that prosecution for conspiracy to deliver more than 500 grams of cannabis was precluded by the specific conspiracy statute. Implicitly, the same reasoning applies to quantities of 30 grams or less.

■■■ We must disagree with our colleagues in the Fourth District. It is a rule of statutory construction that the expression of one thing is the

exclusion of others, and it is also axiomatic that the specific shall prevail over the general. The cannabis conspiracy statute is specific as to the quantities it speaks to, and it excludes other conspiracy prosecution within those quantities; however, it is our opinion that it was not the legislature's intention to exclude the quantities in question from conspiracy prosecution. Absent section 9 of the Act, the general criminal conspiracy statute would apply to all cannabis conspiracies. With section 9, the general criminal conspiracy statute cannot apply where the specific statute speaks, but we hold that it still applies where the specific statute is silent.

We accordingly reverse the order which dismissed count I of the indictment in this cause and remand for further proceedings in accordance with this opinion.

Reversed and remanded.

GUILD and SEIDENFELD, JJ., concur.