THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDERICK MARBLE, Defendant-Appellant.

First District (1st Division)   No. 79-777

Opinion filed April 21, 1980.—Modified on denial of rehearing May 19, 1980.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisen-Stein, and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Frederick Marble was indicted for escape in violation of section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)) and "Enforcement of Discipline—Escape," in violation of section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)) for failing to return to the Chicago Work Release Center of the Cook County Department of Corrections. After a bench trial, defendant was found guilty of both counts. The trial judge merged the two convictions and sentenced defendant to a determinate sentence of three years' imprisonment. Defendant appealed.

On appeal, defendant argues (1) his conviction under section 3—6—4(a) was improper since at no time had he been sentenced to the custody of the Illinois Department of Corrections; thus, section 3—6—4(a) was inapplicable and (2) that he should not have been found guilty of escape pursuant to section 31—6(a) since he did not escape from confinement at a penal institution or from a penal employee.

We reverse.

The facts are not disputed. In July of 1978, defendant Frederick Marble was a participant in the work release program supervised by the Chicago Work Release Center of the Cook County Department of Corrections. On July 7, 1978, defendant left the work release center on an authorized absence, but failed to return at the end of his work day.

Subsequently, defendant was charged by a two-count indictment with the offense of escape in violation of section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)) and section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)). After a bench trial, he was found guilty of both counts. The trial judge merged the two convictions and sentenced defendant to a determinate sentence of three years, the minimum sentence allowed for the Class 2 felony of escape under section 31—6(a). Defendant appealed.

■■ Defendant first argues that it was improper for him to be convicted under section 3—6—4(a) since he was never sentenced to the custody of the Illinois Department of Corrections, but was merely under the supervision of the Cook County Department of Corrections, a separate and autonomous institution.

In its briefs, the State initially argued that the work release center, Cook County jail was an extension of the Illinois Department of Corrections through section 5—7—3(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—7—3(c)) which authorizes the Director of the Department of Corrections to certify appropriate institutions to administer sentences of periodic imprisonment. The State concluded that in this case "the Chicago Work Release Center of Cook County Jail is merely a substitute for the State Department of Corrections."

In its petition for rehearing, however, the State now concedes that the work release center of the Cook County jail is not an institution certified by the Department of Corrections pursuant to section 5—7—3(c). The affidavit of Anthony M. Scilla, Deputy Director of Community Services for the Illinois Department of Corrections, states that neither the Cook County jail nor the Chicago work release center has been certified pursuant to section 5—7—3(c). In fact, there exists no such certified institution "in or around Cook County." The State now concedes that the Illinois Department of Corrections "had no interest in or authority over any aspect of the defendant's incarceration at the Chicago Work Release Center" yet argues that defendant's conviction under section 3—6—4(a) was proper since the work release program administered by the county serves the same purpose and is equivalent to similar programs administered by the State.

We find this new position contradictory and unconvincing. The State has admitted that it did not have any interest or jurisdiction over defendant's participation in the work release program of the Cook County jail. Yet the State attempts to punish defendant for his unauthorized absence from that program under section 3—6—4(a), a statute which pertains only to work release programs administered by the Illinois Department of Corrections. This position is obviously untenable. We therefore reverse defendant's conviction under section 3—6—4(a).

■■ Defendant next argues that his conviction for escape under section 31—6(a) was improper since its express terms require that the escape actually be from a penal institution or a penal employee. Failure to return to a work release center is an entirely different situation and one not intended by the legislature to be governed by section 31—6(a).

We agree. Section 31—6(a) provides:

"A person convicted of a felony, or charged·with the commission

of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony." (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a).)

The Committee Comments note that the escape "must be from a penal institution or from an employee of a penal institution." (Ill. Ann. Stat., ch. 38, par. 31—6(a), Committee Comments, at 324 (Smith-Hurd 1977).) We believe the legislature's intent to be that an escape "from any penal institution" does not include failure to return from authorized absences. If section 31—6(a), which is a Class 2 felony, were applicable to the present situation, as the State contends, then it would have been unnecessary for the legislature to have drafted section 3—6—4(a), which expressly provides in part: "A committed person who fails to return from furlough or from work and day release is guilty of a Class 3 felony." (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a).) These statutes were created to address two entirely different situations, which we believe is precisely why a different penalty is imposed under each. A person who is sentenced to a penal institution and escapes, rather than one who fails to return to a work release center, is generally considered to pose the more serious threat to the community and is therefore dealt with more harshly.

We realize our view conflicts with the majority decision in the recent case of *People v. Cole* (1980), 84 Ill. App. 3d 347, 405 N.E.2d 347, wherein the court held that the failure to return from a furlough was an "escape" from a penal institution under section 31—6(a). In reaching that decision, the court relied heavily on *People v. Tomer* (1973), 11 Ill. App. 3d 157, 296 N.E.2d 370, wherein the court stated, "A prisoner who is free from close confinement and walks away is guilty of escape." (11 Ill. App. 3d 157, 161.) *Tomer*, however, presented a factual situation quite different from that presented in *Cole* or the present case. *Tomer* involved a situation where the defendant fled from the back door of his parents' house, while a deputy sheriff waited in a car in front of the house. There the conviction under section 31—6(a) was proper since the defendant intentionally escaped from the custody of a penal employee, a situation expressly covered by the statute.

In reaching our decision, we generally adopt the position of Mr. Justice Barry expressed in his dissenting opinion in *Cole*. After reviewing the legislative histories of sections 31—6(a) and 3—6—4, he concluded that prosecution under section 31—6(a) is improper where a person fails to return from an authorized absence.

From our reading of section 31—6(a), it is clear that it was not intended to extend to the present situation. This view, we believe, is consistent with the well-settled principle that a criminal statute be construed in favor of an accused and nothing be taken by intendment or implication against him beyond the obvious or literal meaning of such

statute. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Consequently, we believe it was improper for defendant to be convicted and sentenced under section 31—6(a).

For the foregoing reasons, we reverse the judgment of the circuit court of Cook County.

Judgment reversed.

O'CONNOR and CAMPBELL, JJ., concur.