THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE R. COLE, Defendant-Appellant.

Third District   No. 79-47

Opinion filed April 30, 1980.—Rehearing denied June 25, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial, defendant Willie R. Cole was convicted of escape (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)), and sentenced to a 3-year term of imprisonment to run consecutively to a term he was already serving.

The evidence at trial established that defendant was serving a 2- to 10-year sentence for burglary at the Peoria Community Correctional Center. He received permission to leave the Center on a 4-day furlough beginning June 10, 1977. On the second day of the furlough a resident counselor of the Center found defendant and told him to telephone the

Center. Upon doing so, defendant was informed that his furlough had been terminated, and that he should report back to the Center. Defendant never returned.

Defendant's first contention on appeal is that he was not proved guilty beyond a reasonable doubt. His argument in this regard has three parts. The statute under which he was convicted, section 31—6(a) of the Criminal Code of 1961, provides, "A person convicted of a felony * * * who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony." Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a).

■■ Defendant contends the Peoria Community Correctional Center is not a "penal institution" within the meaning of the statute. Under Supreme Court Rule 341(e)(7), since this issue was raised for the first time in defendant's reply brief, it has been waived. Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7).

In addition, defendant claims the State failed to prove that he "escaped" from a penal institution within the meaning of the statute, citing section 3—6—4(a) of the Unified Code of Corrections which provides, in part, "A committed person who escapes or attempts to escape from an institution or facility of the Adult Division * * * is guilty of a Class 2 felony. A committed person who fails to return from furlough or from work and day release is guilty of a Class 3 felony." (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a).) Defendant maintains that "escape" as used in section 3—6—4(a) does not include failing to return from furlough. Citing *In re Estate of Kritsch* (1978), 65 Ill. App. 3d 404, 382 N.E.2d 50, for the proposition that statutes relating to the same subject matter should be considered together in ascertaining legislative intent, he contends that "escape" as used in section 31—6(a) of the Criminal Code should be construed as not to include failing to return from furlough. He maintains that such a construction is buttressed by the "commonly understood" meaning of "escape." As further support for his argument defendant says that failing to return from furlough poses less danger of violence than an "active" escape from a penal institution which would be resisted by the authorities, and that, therefore, the legislature chose to distinguish escape from failure to return from furlough and to punish the former more severely than the latter.

■■ We find these arguments unpersuasive. In *People v. Tomer* (1973), 11 Ill. App. 3d 157, 296 N.E.2d 370, the defendant was taken from the county jail to the home of his elderly parents by a deputy sheriff who gave him permission to make the visit. While the deputy sheriff waited in a car in front of the home, the defendant departed by the back door and fled the county. Defendant's conviction for escape under section 31—6(a) of the Criminal Code was affirmed. Although the defendant did not raise the

issue of whether he "escaped" from the custody of the deputy sheriff within the meaning of the statute, the *Tomer* case lends support to the proposition that by failing to return to the penal institution or the employees thereof as required, the defendant "escaped" within the meaning of the statute. As the *Tomer* court stated, "A prisoner who is free from close confinement and walks away is guilty of escape." (11 Ill. App. 3d 157, 161.) Furthermore, we do not think that such a construction of the term "escape" renders section 3—6—4(a) of the Unified Code of Corrections internally or externally inconsistent. By enacting provisions generally prohibiting escape and classifying it a Class 2 felony, and enacting another provision specifically prohibiting failure to return from furlough and classifying it a Class 3 felony, the legislature might well have intended to confer discretion on the prosecutor to charge failure to return from furlough under the provision most appropriate in a particular case. See *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462.

■■ Defendant also asserts that the State failed to prove he was in custody at the time of the escape. This argument is without merit because defendant was charged under section 31—6(a) with escaping "from [a] penal institution," not "from the custody of an employee of that institution," and therefore, the State was not required to prove that he was in custody.

Defendant's final contention is that even if his conduct was in violation of section 31—6(a), the prosecutor was required to charge him under section 3—6—4(a), which deals specifically with failing to return from furlough, because in section 3—13—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—13—4(b)), the legislature indicated its intent that section 3—6—4(a) apply to the exclusion of section 31—6(a). We think reliance upon section 3—13—4(b) is misplaced.

■ Article 13 of the Criminal Code is entitled "Work and Day Release," and section 3—13—4 under that Article provides:

"(a) The Department shall establish rules governing release status
* * * * * *

(b) If a committed person violates any rule, the Department may impose sanctions appropriate to the violation. The Department shall provide sanctions for unauthorized absences which shall include prosecution for escape under Section 3—6—4."

Defendant insists that his failure to return from furlough was an "unauthorized absence" which section 3—13—4(b) *requires* the State to prosecute under section 3—6—4(a). However, section 3—13—4(b) clearly refers only to unauthorized absences in connection with work or day release, not those resulting from failure to return from furlough. The fact that defendant was on furlough from a work- and day-release facility

is immaterial since section 3—13—4 is concerned with the regulation of "release status," not release facilities. Finally, we have found nothing in the history of the legislation dealing with furloughs which indicates that the State was required to proceed under section 3—6—4(a).

We also note that the dissenting opinion filed herein suggests application of the rule that the specific statute prevails over the general to compel prosecution under section 3—6—4. Even defendant admitted that this rule is not sufficient to show a legislative preference for prosecution under one applicable statute rather than the other. Such was the holding in *People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169, which is controlling here.

For the reasons stated above, the conviction and sentence entered by the Circuit Court of Peoria County are affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE BARRY, dissenting:

In affirming the defendant's conviction for escape under section 31—6(a) of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)), the majority rejects the defendant's contention that section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)) provides the exclusive sanction for failure to return from furlough, and consequently prosecution under section 31—6(a) was erroneous. I would be inclined to join with the majority in view of various decisions of the Illinois Supreme Court which permit prosecutorial discretion in cases where a defendant's act violates more than one statute, each of which requires different proof and allows for different defenses (*People v. Henderson* (1978), 71 Ill. 2d 53, 373 N.E.2d 1338; *People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169; *People v. Gordon* (1976), 64 Ill. 2d 166, 355 N.E.2d 3; *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462) were it not for the fact that the legislative history as well as the very language of the relevant statutes reveals a clear legislative intent that a failure to return from furlough is to be prosecuted under section 3—6—4(a) exclusively. For these reasons, I respectfully dissent.

Prior to January 1, 1973, the appropriate sanction for a failure to return from furlough was found in section 4 of "An Act concerning furloughs for qualified inmates of the State prison system for certain purposes." (Ill. Rev. Stat. 1971, ch. 108, par. 134). Section 4 provided that a failure to return from furlough was to be deemed an escape from the custody of the Department of Corrections, "and punishable as provided in Section 17 of 'An Act in relation to the Illinois State penitentiary * * *.'"

Section 17 of that Act (Ill. Rev. Stat. 1971, ch. 108, par. 121) provided that escapes or attempted escapes from the Illinois State penitentiary or an employee thereof constituted a felony, and upon conviction a prisoner guilty of escape or attempted escape under section 17 could be sentenced to a period of imprisonment of not less than one nor more than 10 years.

Public Act 77-2097 (effective January 1, 1973) created the Unified Code of Corrections and repealed both "An Act concerning furloughs for qualified inmates of the State prison system for certain purposes" and "An Act in relation to the Illinois State penitentiary" (Ill. Rev. Stat. 1973, ch. 38, par. 1008—5—1). Section 3—11—1 of the Unified Code of Corrections, which currently deals with furloughs, does not provide for sanctions for a failure to return from furlough (Ill. Rev. Stat. 1977, ch. 38, par. 1003—11—1). That subject is now covered in sections 3—13—4(b) and 3—6—4 of the Uniform Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, pars. 3—13—4(b), 3—6—4). Section 3—13—4(b) provides that the *Department* of Corrections "*shall provide* sanctions for unauthorized absences *which shall include* prosecution for escape under Section 3—6—4*." (Emphasis added.) Section 3—6—4(a) provides that a failure to return from furlough, work- or day-release constitutes a Class 3 felony.

On the basis of this legislative history it is clear that the legislature intended a person committed to the Department of Corrections who fails to return from furlough not to be tried for the crime of escape under section 31—6(a) but rather to be disciplined pursuant to the provisions of section 3—6—4(a), or referred to the State's attorney for prosecution under section 3—6—4. Arguably, under the previous furlough statute, a failure to return from furlough, like a failure to return from work- or day-release, could result in prosecution under either the Illinois State Penitentiary Act (Ill. Rev. Stat. 1971, ch. 108, par. 121) or the escape statute.[1] Obviously, the legislative scheme was to treat all unauthorized absences from correctional facilities similarly. The legislature did not truly distinguish an "over the wall" escape from a maximum security institution such as Stateville or Pontiac from a failure to return from an authorized absence, such as a furlough, as far as sanctions were concerned.

The passage of the Unified Code of Corrections, however, reflects a conscious effort by the General Assembly to treat these vastly disparate forms of unauthorized absence differently. In the case of a violation of furlough, work-release, or day-release, the Department of Corrections is given wide latitude in providing an appropriate sanction. Under section

---

[1] The previous work release statute (Ill. Rev. Stat. 1971, ch. 38, par. 123—7) provided that a failure to return from work- or day-release constituted an escape, and subjected the escapee to possible prosecution "under any applicable statute." This statute was also repealed by Public Act 77-2097, and the disciplinary sanctions for a failure to return from work- or day-release too are found in section 3—6—4(a) of the Corrections Code.

3—13—4(b), sanctions are not limited to prosecution for statutory violations. The statute merely provides that sanctions "shall be provided." However, if the Department decides criminal prosecution is mandated, it appears the prosecution shall be only under section 3—6—4. It is evident from the very words of section 3—13—4(b) itself that prosecution under section 3—6—4 is the most serious sanction available to the Department of Corrections regarding the discipline of residents who fail to return from furlough (and work- and day-release as well), and as such, the only sanction. It seems clear that prosecution for escape under section 31—6(a) is limited to all escapes other than failure to return from authorized absences.

There is an additional important line of reasoning that suggests the prosecution of the defendant under section 31—6(a) was erroneous here. "It is a rule of statutory construction that the expression of one thing is the exclusion of others, and it is also axiomatic that the specific shall prevail over the general." (*People v. Caryl* (1977), 54 Ill. App. 3d 537, 538-39, 369 N.E.2d 926, 927; *People v. Whitney* (1977), 46 Ill. App. 3d 708, 361 N.E.2d 131.) It was error for the State to prosecute under section 31—6(a), the more general escape statute, when a more specific statute proscribing the conduct and affording appropriate sanctions was available. In *People v. Hale* (1965), 55 Ill. App. 2d 260, 204 N.E.2d 833, the defendant escaped from the Illinois State Farm at Vandalia. He was subsequently prosecuted for escape under section 5 of "An Act in relation to the Illinois State Farm" (Ill. Rev. Stat. 1971, ch. 118, par. 18) and convicted. On appeal, he contended that the trial court erred in sentencing him under the Illinois State Farm Act, rather than under the provisions of the escape statute (section 31—6(b)). The court, in finding no error, stated:

> "Paragraph 18 of Chapter 118 is a particular enactment that applies only to escapes from the Illinois State Farm, whereas paragraph 31—6(b) of the Criminal Code of 1961 is a general statute applying to the escape of all misdemeanants. A particular enactment found in the statute is operative as against general laws relating thereto." (55 Ill. App. 2d 260, 263, 204 N.E.2d 833, 835.)

Under the court's reasoning, had prosecution been pursuant to section 31—6(b) error would have occurred. That is exactly the situation in the case at bar. The escape provisions of the Illinois State Farm Act (repealed by Public Act 77-2097) are now found in section 3—6—4 of the Unified Code of Corrections. Just as its predecessor was in *Hale*, section 3—6—4 is a particular enactment, and operative as against all general laws (*i.e.*, section 31—6) relating to the same subject matter. As such, section 3—6—4 preempts criminal prosecution under section 31—6.

I would reverse the defendant's conviction.