THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIE HENDRIX, Defendant-Appellee.

First District (2nd Division)   No. 79-678

Opinion filed June 24, 1980.

· Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Thomas J. Leanse, and Cornelia Honchar Tuite, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner and Bradley S. Bridge, both of State Appellate Defender's Office, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Defendant, Willie Hendrix, was charged in a two-count indictment with failing to return from a work-release program under section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)), and with escape from a penal institution under section 31—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)). Upon defendant's motion both counts were dismissed. The State has appealed only dismissal of count II, which charged defendant with escape from a penal institution.

At the time of the charges at issue here, defendant had been serving a sentence of periodic imprisonment as a condition of probation. When defendant failed to return to Cook County jail as required by the terms of his sentence, these charges were initiated.

The trial judge, in dismissing the charges, concluded that count I, failure to return from furlough or work-release (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)),[1] applied only if the individual failed to return to a facility or institution under the jurisdiction of the Illinois Department of Corrections. Since the Cook County jail was not such a facility, charges brought under that section of the Criminal Code were improper.

The trial court then noted that the legislature had set out in section 3—6—4(a) of the Unified Code of Corrections a specific conceptual distinction between escape from a penal institution or custodian of that institution and failure to return from work release. Escape from a Department facility would be a Class 2 felony while failure to return from work release would carry a penalty commensurate with a Class 3 felony. Thus, the trial court reasoned that section 31—6, which prescribes penalties for the offense of escape, was not intended to cover failure to return from work release. The State's proper remedy therefore was not covered in the Criminal Code by the escape provision. Instead, the defendant should be returned to the sentencing judge for a hearing on violation of the conditions of his probation or periodic imprisonment. Accordingly, the trial court dismissed count II.

We have recently decided a case which is factually indistinguishable

---

[1] This provision is included in that portion of the Criminal Code pertaining to those persons "committed" to a Department of Corrections facility. See Ill. Rev. Stat. 1977, ch. 38, par. 1003—1—2(c).

from the instant case. (*People v. Marble* (1980), 84 Ill. App. 3d 1, 404 N.E.2d 820.) The reasoning in *Marble* substantially parallels that of the trial court in the case at bar. We recognize that the Third District has chosen to deal differently with the same issue in *People v. Cole* (1980), 84 Ill. App. 3d 347, 405 N.E.2d 347. Nonetheless, after a review of *Cole*, the dissent in *Cole* which applies substantially the same analysis as the trial court in the instant case, and our decision in *Marble*, we decline to reverse our established stand on this issue. We thus affirm the trial court's dismissal of the charges in count II, predicated on section 31—6, escape from a penal institution.[2]

The dismissal of the trial court is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.

---

[2] See also Senate Bill, 0804, introduced April 10, 1979, which would amend section 31—6 to specifically address failure to return from an authorized leave of absence while sentenced to periodic imprisonment or work release.