NOTICE

Decision filed 09/01/20, corrected 10/26/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180448-U

NO. 5-18-0448

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Hamilton County. |
| | ) | |
| v. | ) | No. 13-CF-68 |
| | ) | |
| DARRELL G. DeLONG, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Overstreet and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. Further, the defendant's motion to reconsider his sentence was not properly before the court and therefore the circuit court properly denied that motion.

¶ 2    The defendant, Darrell G. DeLong, appeals the denials of his motion to withdraw his guilty plea and his motion to reconsider sentence. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Anders v. California*, 386 U.S. 738 (1967). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant has filed a response. We considered OSAD's motion to withdraw as counsel on appeal. We examined the entire record on appeal and

1

found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Hamilton County.

¶ 3                                    BACKGROUND

¶ 4     On November 23, 2013, the defendant, whose blood alcohol content was 0.149, almost twice the legal limit, drove a vehicle with five passengers to a set of hills commonly referred to as "Thrill Hills." The hills are so named for their rapid rise and fall. The defendant crested the first hill going 84 miles per hour in a 45-mile-per-hour zone. The vehicle traveled over 121 feet in the air and rolled several times after landing. Four of the passengers were pronounced dead at the scene. One died at the hospital. The defendant also suffered serious injuries.

¶ 5     The State filed a six-count information. There was one count of aggravated driving under the influence (625 ILCS 5/11-501(d)(1)(F) (West 2012)) for each passenger who was killed. A sixth count charged the defendant with reckless homicide (720 ILCS 5/9-3(e-9) (West 2012)).

¶ 6     On July 9, 2014, the defendant and the State came to an agreement for a plea. The defendant agreed to plead guilty to one count of aggravated driving under the influence. In exchange, the State agreed to a sentencing cap of 20 years' imprisonment and to dismiss the other charges. The parties understood the sentencing range to be 6 to 28 years because more than one person died. At the plea hearing in open court, the State dismissed counts II through VI but amended the first count by interlineation to add the names of all the deceased. The defendant did not object. The court then told the defendant all the possible sentences for the offense to which he was pleading guilty. The court also told the defendant that he had the right to plead not guilty and to go to a trial and explained all the rights that he would be giving up if he did not go to trial. The court also verified that the defendant had ample opportunities to meet with his attorney and

2

to discuss his options and the plea with her. In response to the court's inquiry the defendant indicated that he wished to plead guilty. The court then accepted the plea, finding that the plea was "knowingly and intelligently and voluntarily made."

¶ 7    At the sentencing hearing, the court sentenced the defendant to 20 years' imprisonment.

¶ 8    The defendant subsequently filed a motion for appointment of new counsel because he had "a possible ineffective assistance of counsel claim." He also sought additional time to file a motion to withdraw his guilty plea. Later, the defendant filed a motion to withdraw his guilty plea. The defendant also filed a motion to reconsider his sentence. Both motions were denied, and the defendant appealed. On appeal, this court held that plea counsel's certificates of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) were deficient and remanded the matter back to the trial court for the filing of new Rule 604(d) certificates as well as new posttrial motions if needed. *People v. DeLong*, No. 5-15-0135 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9    On remand, counsel filed new motions to withdraw guilty plea and to reconsider sentence along with a proper Rule 604(d) certificate. The issues raised by the defendant in his motion to withdraw his guilty plea and at the hearing on the motion are as follows: (1) his plea was not knowing, voluntary, or intelligent because (a) "the terms of his plea deal were not adequately explained to him by his plea counsel" and (b) since he was never read the charge he could not have made an informed decision; (2) the terms of his plea deal were changed during the course of his plea without his knowledge, and had he been aware of the change, the defendant would have rejected the plea deal; (3) the defendant was unaware of the witness Trace Smith until the State provided the factual basis for the plea; (4) the State showed the court three pictures of the accident scene that the defendant never saw; (5) the defendant wanted a change of venue; and

(6) the defendant received no benefit for his plea bargain because all of the victims were added to count I. Notably, the defendant acknowledged that he pled guilty in exchange for a 20-year sentence cap.

¶ 10 Additionally, the defendant argued that he received ineffective assistance of counsel because plea counsel: (a) did not adequately investigate, prepare, and negotiate his plea, and (b) relied on the State to guide him through the criminal case; (c) allowed the charging documents to be changed at the plea hearing; (d) did not ask the questions the defendant wanted him to ask; and (e) misled the defendant about the likely sentence.

¶ 11 The defendant's motion to reconsider the raised several issues regarding his sentence. We need not set forth the specific issues raised because, as we will discuss below, the propriety of the sentence was not open to challenge.

¶ 12 At the hearing on his motions the defendant testified as follows: On the day of the plea hearing, his attorney told him that he was just pleading guilty to count I, and he was not aware of any other count I other than the one originally filed. He did not receive a copy of the amended complaint until after the day of his plea hearing. He also testified that neither his counsel nor anyone else explained to him that the names of the other victims were being added to the original count I. On the day of the plea hearing nobody explained to the defendant what "interlineation" meant. At a meeting with the state's attorney, his attorney, and the defendant, the defendant felt like his attorney was doing nothing besides parroting what the state's attorney said. His attorney also told him she was a business law attorney, not a criminal law attorney. The defendant also testified that in response to nearly every question he asked his attorney she said she did not know, so she would have to ask someone or look it up. The defendant asked his attorney to call his daughter, Andrea DeLong. The State ultimately called her and the defendant cross-examined

4

Ms. DeLong. The defendant also wanted his sister, Beverly Parker, to testify. Finally, on direct examination, the defendant complained that there were three pictures shown to the judge at the sentencing hearing that he was never allowed to see.

¶ 13    On cross-examination, the defendant testified as follows: the defendant felt like his attorney did not talk to him enough about his case even though the defendant saw some of the video testimony. While he did not go through the police report his attorney did explain it. The defendant admitted that the plea court asked him multiple times, "Is your attorney speaking with you? Are you having enough time to talk to your attorney and go over the evidence?" He had answered those questions in the affirmative.

¶ 14    On redirect the defendant testified that he asked his attorney to file a motion for a change of venue, but after consulting with the state's attorney she told him that he would not prevail on the motion.

¶ 15    In denying the motions, the circuit court pointed out that the pictures were admitted into evidence based on a stipulation by the defendant's counsel. Regarding the issue of amending the charge by interlineation, the circuit court stated that the change was read into the record, and that the court's recollection of the plea hearing was that it "was a plea where everyone seemed to the Court to understand what was going on." The court further stated that the amendment to the charge did not change the sentencing range from the range had been discussed throughout the proceeding: 6 to 28 years with a cap at 20 years. The court stated all of this "did not seem to the Court at the time a significant area of confusion." The circuit court stated that plea counsel had practiced before it on several criminal cases, belying the claim that plea counsel had no criminal experience.

¶ 16                                    ANALYSIS

¶ 17                          Withdrawal of Guilty Plea

¶ 18    "The foundations of a valid guilty plea are the defendant's voluntary admission in open court that he committed the acts with which he is charged and his knowing consent that judgment may be entered without trial." *People v. Huante*, 143 Ill. 2d 61, 69 (1991) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). Because a guilty plea is a waiver of constitutional rights, it must be made voluntarily and intelligently. *People v. Stroud*, 208 Ill. 2d 398, 403 (2004). Pleading guilty is " 'a grave and solemn act.' " *People v. Evans*, 174 Ill. 2d 320, 326 (1996) (quoting *Brady*, 397 U.S. at 748). "It is *not* a 'temporary and meaningless formality ***.' " (Emphasis in original.) *Id.* (quoting *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975)). "A guilty plea waives all nonjurisdictional defenses or defects." *People v. Horton*, 143 Ill. 2d 11, 22 (1991). This includes constitutional defects. *People v. Brown*, 41 Ill. 2d 503, 505 (1969). A claim of ineffective assistance of counsel can be an exception to this rule. *People v. Hall*, 217 Ill. 2d 324 (2005).

¶ 19    A defendant's right to withdraw his guilty plea is not absolute, and he "bears the burden of demonstrating to the trial court the necessity of withdrawing his plea." *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993) (citing *People v. Smithey*, 120 Ill. App. 3d 26, 31 (1983)). Moreover, "[i]t is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and, on appeal, this decision will not be disturbed unless it is an abuse of that discretion." *Id.* (citing *People v. Davis*, 145 Ill. 2d 240, 244 (1991)); *People v. Church*, 334 Ill. App. 3d 607, 615 (2002). Finally, a motion to withdraw plea may be properly denied "where the trial record refutes a defendant's assertions that his plea was not knowingly and voluntarily made," particularly in light of the fact that "a proper and meticulous admonition of the defendant

6

according to [Illinois] Supreme Court Rule 402(b) [citation] cannot simply be ignored." *Artale*, 244 Ill. App. 3d at 475.

¶ 20   Illinois Supreme Court Rule 402(a) requires that before a court accepts a plea, it must make sure a defendant understands (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which he may be subjected because of prior convictions or consecutive sentences; (3) that he has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and (4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The record in this case shows that trial court complied with Rule 402(a).

¶ 21   The defendant's argument that his plea was not knowing, intelligent, and voluntary fails because he made only a bare allegation that the terms of his plea were not adequately explained to him by plea counsel. He did not specify which terms were not adequately explained to him, and the record contradicts his allegation that plea counsel did not discuss the plea with him. The defendant also argued that his plea was not voluntary and intelligent because he never read the amended complaint. While we agree with the trial court that it would have been better had the amended complaint been read into the record, we find that the record clearly demonstrates that the defendant understood the charge to which he was pleading guilty. First, the defendant admitted he knew what was in count I as amended. Second, he was present in open court when the State amended the information by adding the names of all the victims to count I. The defendant did not object to this amendment. Third, the factual basis for the plea included the death of all the people whose names had been added to count I. Again, the defendant was present

7

and did not object. These facts also refute the argument that the charge was amended without the defendant's knowledge. We also note that the charges as amended were consistent with the stated plea deal that the defendant would not be sentenced to more than 20 years of the possible 28-year sentence. This could not have been the plea deal if all the deceased were not included on count I.[1] Finally, the defendant's motion to withdraw his plea acknowledged that he pled guilty to obtain a sentence capped at 20 years, which is the exact bargain he received.

¶ 22    That the defendant was not familiar with Trace Smith, an occurrence eyewitness whose would-be testimony was part of the factual basis provided by the State, does not render his guilty plea unintelligent or involuntary. The defendant did not argue that the would-be testimony was incorrect in any way. The circuit court need not "ferret out possible defenses for the defendant." (Internal quotation marks omitted.) *People v. Bassette*, 391 Ill. App. 3d 453, 457 (2009). We believe this included whether the defendant knew the name of a proposed witness for the factual basis. It is not grounds to reverse the decision of the circuit court.

¶ 23    The defendant's claim that he never saw pictures of the accident scene shown to the judge is not supported with any argument as to how this prejudiced him. In fact, the photos were admitted at the sentencing hearing, pursuant to defense counsel's stipulation, and had no bearing on the defendant's plea.

¶ 24    No meritorious argument can be made that the defendant's plea was involuntary or unintelligent because he did not receive a change of venue because he failed to advance any argument that the local citizenry was prejudiced and that he could not receive a fair trial. See *People v. Higgins*, 1 Ill. App. 3d 847, 850 (1971).

---

[1]Aggravated driving under the influence resulting in the death of one person is a Class 4 felony for which a sentence of 3 to 14 years' imprisonment shall be imposed. 625 ILCS 5/11-501(d)(2)(G) (West 2012). Aggravated driving under the influence resulting in the death of more than one person is a Class 2 felony for which a sentence of 6 to 28 years' imprisonment shall be imposed. *Id*. Thus, amending count I to include the names of all the victims was a necessary requirement of the plea agreement.

¶ 25    Finally, the defendant's argument that he received no benefit of his plea bargain because all of the victims were added to count I fails because, as was discussed repeatedly at the plea hearing, the benefit that the defendant received for pleading guilty was a sentencing cap of 20 years, which was 8 years below the statutory maximum of 28 years. The details of the plea were clearly explained, and the defendant did not object.

¶ 26                        Ineffective Assistance of Counsel

¶ 27    An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. First, defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525. Second, defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id*. The reviewing court can address these requirements in either order. *Id*. at 527. In the context of a motion to withdraw a guilty plea, demonstrating prejudice requires the defendant to demonstrate that, but for plea counsel's unprofessional errors, he would have insisted on going to trial rather than pleading guilty. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 69. A conclusory allegation by the defendant that he would not have pled guilty and would have demanded a trial is insufficient to show prejudice. *Id*. Where counsel's alleged error relates to the defendant's defense strategy or his chance of acquittal, the defendant must claim actual innocence or a plausible defense. *People*

9

*v. Brown*, 2017 IL 121681, ¶ 45. Where counsel's alleged errors relate to the defendant's understanding of the consequences of his guilty plea the defendant must show that his decision to reject the plea bargain would have been rational under the circumstances. *Id*. ¶ 48.

¶ 28     Applying the foregoing standards to the defendant's claims of ineffective assistance of counsel, we find that the circuit court properly rejected them because the defendant failed to demonstrate prejudice. Although the defendant alleged in his motion to withdraw his plea that he would not have pled guilty but for counsel's unprofessional errors, he did not claim actual innocence, set forth a plausible defense, or advance any argument that rejecting the plea and going to trial would have been rational under the circumstances.

¶ 29                              Reconsideration of Sentence

¶ 30     The defendant argued that he could proceed on a motion to reconsider his sentence notwithstanding the fact that he had pled guilty pursuant to a negotiated plea because his claim of error was that the circuit court had misapplied the law with respect to the sentencing factors and not merely that his sentence was excessive. The Illinois Supreme Court rejected this distinction in *People v. Johnson*, 2019 IL 122956. Finding the distinction between an "improper" sentence challenge and an "excessive" sentence challenge to be "a distinction without a difference," the court held that:

> "a defendant who enters into a negotiated plea agreement may not challenge his sentence
> on the basis that the court relied on improper statutory sentencing factors. This type of
> sentencing challenge is an excessive sentence challenge. Under Rule 604(d), a
> defendant's recourse is to seek to withdraw the guilty plea and return the parties to the
> status quo before the plea." *Id*. ¶¶ 37, 57.

10

¶ 31　Having pled guilty pursuant to a negotiated plea, the defendant could not seek reconsideration of his sentence and his only recourse was to seek to withdraw his plea. Consequently, the circuit court properly denied the defendant's motion to reconsider his sentence.

¶ 32　　　　　　　　　　　　　CONCLUSION

¶ 33　The trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. Further, the defendant's motion to reconsider sentence was not properly before the court, so the circuit court properly denied that motion. Therefore, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Hamilton County.

¶ 34　Motion granted; judgment affirmed.