NOTICE
Decision filed 11/01/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230648-U

NO. 5-23-0648

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Hamilton County. |
| | ) | |
| v. | ) | No. 13-CF-68 |
| | ) | |
| DARRELL G. DeLONG, | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court properly dismissed defendant's postconviction petition where its claims had or could have been raised earlier and were unsupported by evidence, the petition failed to establish that the conviction was void, and there was no showing that postconviction counsel provided unreasonable assistance. As any argument to the contrary would be frivolous, we allow appellate counsel to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, Darrell G. DeLong, appeals the circuit court's order dismissing his postconviction petition following a second-stage hearing. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that the court erred in doing so. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified defendant of its motion, and this court has provided him with

1

ample opportunity to respond. Defendant has filed a response. After considering the record on appeal, defendant's response, and OSAD's motion and supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                          BACKGROUND

¶ 4     In 2014, defendant pleaded guilty to a single count of aggravated driving under the influence (DUI) of alcohol. In exchange, the State agreed to a sentencing cap of 20 years' imprisonment and dismissed five additional charges. The charges arose following a 2013 accident that resulted in the death of five people.

¶ 5     Although the accident occurred in Hamilton County and the charges were filed there, the plea proceedings took place in a White County courtroom. The judge, who had been presiding over the case, explained that defendant was being held in White County due to Hamilton County's lack of a detention facility and, "due to scheduling," the attorneys had agreed to conduct the plea hearing in White County. Defendant did not object.

¶ 6     The court further explained that the parties understood the sentencing range to be 6 to 28 years because more than one person died. At the plea hearing, in open court, the State dismissed counts II through VI but amended the first count by interlineation to add the names of all the victims. Defendant did not object.

¶ 7     The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The State provided the following factual basis. Trace Smith would testify that he was driving near a section of hilly road, known locally as the "Thrill Hills," when he came upon a vehicle overturned in the road. He saw five people lying on the ground near the car. He called 9-1-1 and ran to get additional help. When he returned to the crash site with a man named Chris

2

Bowser, they saw defendant in the driver's side of the vehicle. Four people died at the scene and a fifth succumbed to her injuries at a hospital. Defendant was airlifted to an Evansville hospital, where his blood-alcohol content was found to be between .14 and .17.

¶ 8 An accident reconstructionist would testify that the vehicle was traveling 84 miles per hour when it crested the "Thrill Hills," traveled 121 feet in the air, turned over several times, and landed back on the road. An EMT would testify that defendant admitted to him that he had been driving the vehicle.

¶ 9 The circuit court found that the plea was voluntary. Following a hearing, the court sentenced defendant to 20 years' imprisonment.

¶ 10 Defendant moved to withdraw the plea and to reconsider the sentence. In the former motion, he vaguely asserted that he was innocent. He further claimed that his plea was not knowing and intelligent, defense counsel was ineffective, and the State failed to fulfill promises made when he entered the plea.

¶ 11 Defendant's affidavit in support of the motion alleged that he had never received Smith's statement from his attorney and, had he known that it would be part of the factual basis, he would not have pleaded guilty without making his attorney first interview Smith. He also asserted that different things were presented at the sentencing hearing than what he expected, and that, while he asked his attorney to subpoena his daughter Andrea to testify for him, the State called her as witness instead. Finally, defendant claimed that there were stipulations between his attorney and the State at sentencing which he was not asked about, and that counsel did not ask the questions he wanted asked at sentencing.

¶ 12 The court denied both motions. However, this court summarily remanded, finding that counsel's Illinois Supreme Court Rule 604(d) (eff. Jan. 1, 2013) certificate was deficient.

Following remand, defendant filed new motions. At a hearing, defendant raised the additional claim that he never agreed to the addition of all the victims' names to count I, and he therefore thought he was only pleading guilty to the death of one victim, Tammy DeLong.

¶ 13    The court again denied both motions, noting that the addition of the victims' names to count I was discussed in open court. Further, the addition of the other victims' names did not change the sentencing range, as the defense and the State had already agreed to a range of 6 to 20 years. The court found no evidence that defendant's guilty plea attorney was ineffective or that his plea was involuntary. The court reiterated that 20 years was the proper sentence.

¶ 14    On direct appeal, defendant's appointed counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant filed a response to the motion. Nevertheless, we granted the motion and affirmed defendant's conviction and sentence. *People v. DeLong*, 2020 IL App (5th) 180448-U.

¶ 15    We specifically concluded that defendant was aware of what the amended complaint meant. He was present in court when the other victims' names were added and did not object. We further found that the amendment was necessary to effectuate the plea agreement. *Id.* ¶ 21 & n.1. We also rejected defendant's contentions that his counsel was ineffective because she (a) did not adequately investigate, prepare, and negotiate his plea, and (b) was inexperienced in criminal law and relied on the State to guide her through the plea process; (c) allowed the charging documents to be changed at the plea hearing; (d) did not ask the questions he wanted asked; and (e) misled him about the likely sentence, finding that defendant could not establish prejudice. *Id.* ¶ 28.

¶ 16    In 2020, defendant filed a petition for postjudgment relief in which he alleged that his conviction was void because the proceedings occurred in White County rather than Hamilton County. The court dismissed the petition, explaining that the plea hearing was held in White

4

County because defendant was in jail there. Additionally, the judge assigned to the case was in White County covering for another judge and defense counsel was located closer to White County. The court noted that this was discussed on the record. The court clarified that the case was never transferred to White County, and that defendant did not object to the hearing being held there.

¶ 17 In 2021, defendant filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Because the court did not act on the petition within 90 days, it advanced it to the second stage and appointed counsel for defendant.

¶ 18 Counsel filed an amended petition. The petition alleged that plea counsel was ineffective in that she failed to investigate evidence from the interior of the vehicle, failed to investigate "how accidents occurred in the area known as 'Thrill Hills' *** and if any of those accidents happened to people whom [*sic*] were not under the influence," failed to move for a change of venue from Hamilton County, coerced defendant into accepting the plea without investigating, and was not an experienced criminal defense attorney. Further, direct-appeal counsel was ineffective for failing to conduct any investigations or to argue that plea counsel was ineffective.

¶ 19 The petition further alleged that the prosecutor "falsely" stated that evidence from the front seat of the vehicle was contaminated and would not be admissible at trial. The petition referenced four affidavits attached to the original petition.

¶ 20 According to the petition, the prosecutor further said that defendant would be pleading to one only one count but subsequently added the remaining victims' names to count I. The petition further alleged that defendant was denied due process because the plea hearing was held in White County, which did not have jurisdiction.

¶ 21 The State moved to dismiss the petition. The court granted the motion, finding that all claims in the petition were, or could have been, raised on direct appeal, except for his ineffective

5

assistance of appellate counsel claim. That claim was not viable because this court had considered the *Anders* motion and defendant's response and agreed with appellate counsel that there were no potential grounds for appeal. Thus, defendant's claim did not satisfy either prong of the *Strickland* standard (*Strickland v. Washington*, 466 U.S. 668 (1984)) for ineffective assistance of counsel. Defendant timely appealed.

¶ 22                                                    ANALYSIS

¶ 23     OSAD concludes that the only issues defendant could raise are (1) whether defendant made a substantial showing that his constitutional rights were violated, (2) whether his conviction was void for lack of jurisdiction, and (3) whether his postconviction counsel provided reasonable assistance. OSAD concludes that none of these issues has even arguable merit.

¶ 24     The first issue is whether defendant's petition sufficiently alleged substantial violations of his constitutional rights. The Act provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2020); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Proceedings under the Act are collateral. *People v. Edwards*, 2012 IL 111711, ¶ 21. As a result, issues that were decided on direct appeal or in previous collateral proceedings are barred by *res judicata* (*People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)), and issues that could have been raised earlier, but were not, are forfeited (*People v. Blair*, 215 Ill. 2d 427, 443-44 (2005)).

¶ 25     The petition's allegations appear to fall into three general categories: ineffective assistance of plea counsel, ineffective assistance of direct-appeal counsel, and due process violations based on the prosecutor's conduct. As the circuit court observed, all of the claims in the first and third categories were or could have been raised on direct appeal. There, we specifically held that defendant did not show that he was prejudiced by plea counsel's alleged deficiencies (*DeLong*,

6

2020 IL App (5th) 180448-U, ¶ 28) and that he consented to the amendment of count I, which was necessary to effectuate the parties' agreement (*id.* ¶ 21 & n.1). Although this occurred in the context of an *Anders* motion, counsel, consistent with *Anders*, identified the possible issues and explained why they were frivolous. Defendant filed a lengthy response, and we considered the merits of the issues before concluding that they lacked merit.

¶ 26 Defendant also alleged that appellate counsel was ineffective. A defendant can overcome forfeiture of an issue by arguing that counsel was ineffective for failing to raise it on direct appeal. *People v. Simms*, 192 Ill. 2d 348, 361 (2000) (waiver should not bar consideration of an issue where the alleged waiver stems from incompetency of appellate counsel in failing to raise the issue on appeal). Nevertheless, appellate counsel "is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit." *Id.* at 362. We held on direct appeal that any potential claims lacked merit. The petition claimed, however, that counsel should have "investigated" various aspects of his claims and done more extensive research to present them properly. Thus, we briefly consider their merits.

¶ 27 The petition alleged several instances of ineffective assistance by plea counsel and alleged that counsel on direct appeal was ineffective for failing to raise these issues. " 'To establish that a defendant was deprived of effective assistance of counsel, [he] must establish both that his attorney's performance was deficient, and that the defendant suffered prejudice as a result.' " *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (quoting *People v. Pugh*, 157 Ill. 2d 1, 14 (1993)). A knowing and voluntary guilty plea, however, waives all nonjurisdictional errors occurring before the guilty plea, including constitutional errors. *People v. Townsell*, 209 Ill. 2d 543, 545 (2004). Ineffective assistance by defense counsel, a constitutional error, has nothing to do with the

7

jurisdiction of the circuit court. Therefore, a guilty plea waives all claims that defense counsel rendered ineffective assistance before the guilty plea (*id.*) *unless* the ineffective assistance made the guilty plea unknowing or involuntary (*People v. Miller*, 346 Ill. App. 3d 972, 980-81 (2004)). Thus, to establish the prejudice prong of an ineffective-assistance-of-counsel claim in connection with a guilty plea, the defendant must show a reasonable probability that, absent counsel's errors, he would have pleaded not guilty and insisted on going to trial. See *People v. Hall*, 217 Ill. 2d 324, 335 (2005).

¶ 28    A common theme in all of defendant's ineffective-assistance claims is that they are based on sheer speculation, without supporting factual allegations or evidence. The Act requires the petition to be supported by "affidavits, records, or other evidence supporting its allegations" or to "state why the same are not attached." 725 ILCS 5/122-2 (West 2020). Dismissal is warranted when the petition's allegations, liberally construed in favor of the petitioner and in light of the trial record, are rebutted by the record or fail to make a substantial showing of a constitutional violation. *People v. Coleman*, 183 Ill. 2d 366, 382 (1998).

¶ 29    Defendant's principal claim appears to be that plea counsel should have independently investigated the interior of the vehicle to search for exculpatory evidence, including DNA and fingerprints, to establish that defendant was not the driver. Defendant makes the related claim that the prosecutor "falsely" claimed that evidence from the vehicle's interior was "contaminated" and would thus be inadmissible at trial. He further contends that plea counsel merely took the prosecutor at his word rather than demanding to inspect the evidence herself.

¶ 30    Initially, we note that defendant provides no evidentiary support for the serious allegation that the prosecutor intentionally lied to induce defendant's guilty plea. The only evidence defendant cites is four affidavits—attached to the *pro se* petition and referenced in the amended

8

petition that counsel filed—by family members. In general, they averred that they attended an April 2014 meeting at which the prosecutor referred to evidence from the car being inadmissible. Defense counsel agreed with the prosecutor on this point, which the affiants believed was "wrong." But none of the affiants claimed to have actually seen the interior of the vehicle or to have been familiar with the law of evidence, so they provide no support for the assertion that the prosecutor's claims were wrong.

¶ 31    But even if they were—and even if defense counsel should have called his bluff and demanded an independent examination of the evidence—defendant cannot establish prejudice. The factual basis for the plea established that an eyewitness saw defendant in the driver's seat minutes after the accident. Defendant admitted to an EMT that he was driving. Defendant pleaded guilty to aggravated DUI, necessarily admitting that he was the driver. He does not claim in the petition that he was not the driver. Thus, he could not have been prejudiced by counsel's failure to investigate the remote possibility that someone else might have been driving or the prosecutor's alleged misrepresentations about the admissibility of the potential evidence.

¶ 32    Our conclusion might change if defendant could point to specific evidence that a hypothetical investigation would have uncovered. A "defendant cannot rely on speculation or conjecture to justify his claim of incompetent representation." (Internal quotation marks omitted.) *People v. Clarke*, 391 Ill. App. 3d 596, 614 (2009) (quoting *People v. Deleon*, 227 Ill. 2d 322, 337 (2008)). Defendant's claims that defense counsel failed to investigate the interior of the vehicle, and that the prosecutor improperly discouraged her from doing so, are based on precisely such speculation and conjecture.

¶ 33    In a similar vein, defendant claimed that counsel was ineffective for failing to investigate similar accidents in the "Thrill Hills" area that did not involve alcohol, which he believes would

9

have provided him with an affirmative defense. On direct appeal, we summarized the case as follows:

> "On November 23, 2013, the defendant, whose blood alcohol content was 0.149, almost twice the legal limit, drove a vehicle with five passengers to a set of hills commonly referred to as 'Thrill Hills.' The hills are so named for their rapid rise and fall. The defendant crested the first hill going 84 miles per hour in a 45-mile-per-hour zone. The vehicle traveled over 121 feet in the air and rolled several times after landing. Four of the passengers were pronounced dead at the scene. One died at the hospital. The defendant also suffered serious injuries." *DeLong*, 2020 IL App (5th) 180448-U, ¶ 4.

¶ 34 As a result, defendant pleaded guilty to aggravated DUI, which enhances the offense where the driver "was involved in a motor vehicle *** accident that resulted in the death of another person, when the violation of subsection (a) was a proximate cause of the death." 625 ILCS 5/11-501(d)(1)(F) (West 2012). Given the facts, defendant cannot plausibly contend that the accident was solely the result of road conditions. Even if he claimed he could produce evidence of a similar occurrence in which alcohol was not a factor—which he does not—it would not exonerate him in this case.

¶ 35 Defendant further claimed that counsel was ineffective for coercing him into accepting the plea without investigating. The evidence against defendant, as stated in the factual basis, was overwhelming. Defendant has provided no specific facts establishing that a further investigation would have been fruitful. Moreover, all of these alleged failures to investigate occurred prior to the guilty plea. A voluntary guilty plea waives all nonjurisdictional errors. See *Townsell*, 209 Ill. 2d at 545 (guilty plea waives all claims that defense counsel rendered ineffective assistance before the guilty plea). Defendant's petition includes the formula from *Hall* that he would have pleaded

10

not guilty and insisted on going to trial (*Hall*, 217 Ill. 2d at 335), but he does not explain why this is so. Clearly, the only way an investigation could have changed defendant's decision to plead guilty was if one of these hypothetical investigations had actually uncovered exculpatory evidence which, as noted, was a virtual impossibility. Therefore, defendant's voluntary guilty plea waived any claim that counsel was ineffective for failing to investigate.

¶ 36    Defendant also complained that counsel was not experienced in criminal law. The trial judge refuted this, noting that counsel had appeared before him in criminal cases previously. But regardless, the *Strickland* standard focuses on counsel's conduct in the specific case at issue. A defendant must identify specific incidents of substandard representation that prejudiced him. *Manning*, 227 Ill. 2d at 412. The lawyer's experience, or lack thereof, in prior cases is simply irrelevant.

¶ 37    Defendant complains that counsel was ineffective for allowing the prosecution to amend the indictment at the plea hearing. We specifically rejected the substance of this argument on direct appeal. *DeLong*, 2020 IL App (5th) 180448-U, ¶ 21 n.1. We noted that the change was explained in open court prior to defendant's plea, and he did not object. After the change, defendant still pleaded to only one count, consistent with the agreement, and the amendment did not alter the sentencing range to which he was exposed. Indeed, the change was necessary to effectuate the parties' agreement concerning the sentence. Recasting the argument in terms of ineffective assistance of counsel does not alter our conclusion that defendant was not prejudiced by the change.

¶ 38    Defendant also claimed that counsel was ineffective for ignoring defendant's request to move for a change of venue. This claim was waived by his guilty plea. *Townsell*, 209 Ill. 2d at 545. In any event, like defendant's other ineffectiveness claims, it is supported by no specific facts

11

showing that a motion for a change of venue would likely have been successful. See *People v. Patterson*, 217 Ill. 2d 407, 438 (2005) (to establish ineffective assistance for failing to file motion, defendant must show a reasonable probability that motion would have been granted).

¶ 39  Defendant again raises the argument that holding the plea hearing in White County rather than Hamilton County rendered his conviction void. A judgment is void only "(1) when it is entered by a court that lacked personal or subject-matter jurisdiction or (2) when it is based on a statute that is facially unconstitutional and void *ab initio*." *People v. Stoecker*, 2020 IL 124807, ¶ 28.  Conversely, the place of trial is nonjurisdictional and may be waived. In a remarkably similar case, a defendant who was charged in Gallatin County entered a guilty plea in Hamilton County. The supreme court rejected an argument that the change invalidated the conviction:

> "Defendant was obviously aware that he was in the Gallatin County courthouse, yet he voluntarily entered and persisted in his plea of guilty despite repeated admonitions by the trial court as to the effects of his plea, including his waiver of a trial by jury. He has thereby waived having the plea accepted in Hamilton County, and cannot now claim that the proceedings were improper." *People v. Dunn*, 52 Ill. 2d 400, 402 (1972).

¶ 40  Thus, the resulting judgment was not void. Here, the court explained to defendant why the hearing was being held in White County and he did not object. He cannot plausibly claim that he was prejudiced by holding the hearing in White County rather than Hamilton County given his simultaneous contention that he wanted his lawyer to try to move the case *out* of Hamilton County.

¶ 41  OSAD next contends that there is no meritorious argument that postconviction counsel provided unreasonable assistance. Although a defendant has no constitutional right to counsel in postconviction proceedings, he is entitled to a reasonable level of assistance from postconviction counsel. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). To that end, counsel must comply with

12

Illinois Supreme Court Rule 651(c), which requires counsel to certify, or the record to affirmatively show, that (1) counsel consulted with the petitioner either in person or by mail to ascertain his contentions of deprivation of constitutional rights; (2) counsel examined the trial record; and (3) counsel amended the postconviction petition if necessary to adequately present the petitioner's claims. Ill. S. Ct. R. 651(c) (eff. Jan. 1, 2017). The filing of a Rule 651(c) certificate creates a presumption that postconviction counsel provided a reasonable level of assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 42    Here, postconviction counsel filed a certificate closely tracking the rule's language, creating a presumption of reasonable assistance. It appears that the amended petition largely repeats the claims raised in the *pro se* petition without adding much if anything in the way of citations of authority or supporting evidence. However, nothing in the record suggests that anything could have been added.

¶ 43    We note that the petition advanced to the second stage solely because the court failed to act on it within 90 days, not because the court found that its claims were nonfrivolous. See *People v. Frey*, 2024 IL 128644, ¶ 22 (petition may advance to second stage where court fails to rule within 90 days, regardless of petition's merit). Virtually all of the petition's substantive claims had previously been raised and rejected and the *pro se* petition included no evidentiary support for its critical allegations. Thus, the record does not rebut the presumption that counsel provided reasonable assistance.

¶ 44                                   CONCLUSION

¶ 45    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 46    Motion granted; judgment affirmed.